**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BERIK STIFTUNG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-67 |
| | § | |
| PLAINS MARKETING, L.P., AND | § | |
| PLAINS MARKETING CANADA, L.P., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Pending before the court is defendants' motion to dismiss.  Dkt. 13.  Upon consideration of the motion, the response, the reply, the complaint, and the applicable law, the motion is GRANTED.  This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

Berik Stiftung brings this action for a declaratory judgment regarding the ownership of Joarcam Pipeline and imposition of a constructive trust over the pipeline's assets.  Dkt. 11.  Berik predicates this court's subject matter jurisdiction on diversity among the parties in compliance with 28 U.S.C. § 1332(a).  Section 1332(a) provides that

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> > (1)    citizens of different States;
> >
> > (2)    citizens of a State and citizens or subjects of a foreign state;
> >
> > (3)    citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4)    a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).  It is axiomatic that diversity of citizenship must be complete between plaintiff and defendant to confer jurisdiction under § 1332(a).  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  This complete diversity requirement applies when the adverse parties are aliens, even though they may be citizens of different foreign countries.  *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975).

In its amended complaint, Berik states that it is "a foreign corporation organized and existing under the laws of the country of Lichtenstein with its principal place of business in Fort Lauderdale, Florida." Dkt. 11.  It also argues that pursuant to an agreement with Berik's curator, Corbett Lenz, and Stacie Daley—both citizens of Florida—conduct Berik's business activities including the litigation regarding the pipeline.  *Id.*  Defendant Plains Marketing, L.P. is a Texas corporation with its principal place of business in Houston, Texas.  *Id.*  Defendant Plains Marketing Canada, L.P. is a Canadian corporation with its principal place of business in Calgary, Alberta, Canada.  *Id.*  Therefore, from the face of the complaint itself, it is clear that alien corporations are both plaintiff and defendant, destroying diversity.

Berik argues that the Florida citizenship of Lenz and Daley makes it a citizen of Florida for the purposes of this inquiry.  Even assuming for the sake of argument that Berik could use Lenz and Daley's Florida citizenship as a basis to claim Florida citizenship for itself, the Fifth Circuit has been quite clear that Berik may not disregard the fact that it is also a citizen of Lichtenstein.  *See Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) ("A party cannot . . . pick and choose among the places of citizenship ignoring one or more in an effort to preserve diversity jurisdiction.").  Nor can it base diversity on § 1332(a)(3) providing for "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(3).  Even though Lenz and Daley are citizens of Florida, they are not named

parties.  And, since Berik is the only plaintiff, it cannot be characterized as an additional party as required by the plain language of the statute.  Accordingly, the court finds that it lacks subject matter jurisdiction in this case, because there is not complete diversity among the parties.  Therefore, this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

It is so ORDERED.

Signed at Houston, Texas on September 9, 2009.

Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY